IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DIANE KLAUS,**

      **Plaintiff,**

      **vs.**                                                    Civ. No. 20-1105  JFR/KK

**VILLAGE OF TIJERAS, JAKE
BRUTON, DON JOHNSON, FELIX
GARCIA and MAXINE WILSON,
in their individual and official capacities,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** is before the Court on Defendants' Motion for Partial Summary

Judgment Against Implied Contract Claims and Declaratory Relief ("Motion"), filed July 1,

2021.  Doc. 83.  The Court, having considered counsel's arguments, the record, and the relevant

law, FINDS that the motion is not well taken and is **DENIED.**

## I.  RELEVANT FACTUAL BACKGROUND

The Village of Tijeras ("Village") hired Plaintiff as a Deputy Clerk in October of 2011.

Doc. 1-1 at 2, ¶ 10.  Plaintiff successfully completed her probationary period in May of 2012.  *Id.*

Plaintiff was a regular, full time hourly employee.  *Id.* at ¶ 11.  From the date Plaintiff was hired

until January 3, 2020, Gloria Chavez was the Mayor of the Village and was Plaintiff's direct

supervisor.  *Id.* at ¶ 12.  After January 3, 2020, Defendant Jake Bruton, a former Village Council

member, became the Mayor of the Village.  *Id.* at ¶ 13.  Plaintiff alleges that beginning in 2017,

Defendants Bruton, Johnson, Garcia and Wilson were vocal critics and opponents of Mayor

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings, and to
enter an order of judgment, in this case.  (Docs. 5, 9, 11.)

Chavez and Plaintiff and initiated a concerted effort to terminate Plaintiff's employment in

retaliation for, *inter alia*, her association and affiliation with Mayor Chavez.  *Id.* at 4, ¶¶ 24-25.

Plaintiff alleges that Defendants continued their efforts until she was terminated on the

recommendation of newly elected Mayor Bruton.  *Id.* at ¶ 26.

On March 10, 2020, Village Clerk/Treasurer Michael Wismer, in concurrence with

Mayor Bruton, notified Plaintiff that they were recommending termination of her employment

effective the date of the letter.  Doc. 102-1 (Exh. 1).  The letter identified Plaintiff as a salaried

employee and stated that "as a salaried employee under the Village's personnel ordinance # 157

Section 19 [you] are entitled to all the rights and benefits of hourly employees, except that you

are terminable at will, with or without cause.  It is pursuant to that section that I recommend your

termination as a salaried employee."[2]  *Id.* at 1.  The letter went on to say that "in view of your

long-time employment with the Village I also performed a review of your performance to assess

whether or not there is cause for terminating you.  That review indicates that if you are now

protected by the Village personnel ordinance, meaning you can only be terminated for cause,

there clearly is cause."  *Id.* at 2.  The lion's share of the letter then addressed Plaintiff's role in

what was characterized as illegal PERA reimbursements without the Council's authorization.  *Id.*

at 2-3.  The letter also noted other reimbursement issues and that documentation confirmed a

"continued pattern of behavior leading to disorganization, poor record-keeping, [and] poor

communications both internally and with the public."  *Id.* at 3.  The letter notified Plaintiff of her

right to a hearing to determine whether the decision to terminate her was affirmed, reversed or

modified.  *Id.* at 4.

---

[2] On June 24, 2019, Defendants changed the Plaintiff's Deputy Clerk position from an hourly position to a salaried position and gave Plaintiff a significant pay raise.  Doc. 1-1 at 10, ¶ 70; Doc. 102 at 10; Doc. 112-1 at 24, 27.

On March 17, 2020, Plaintiff, through her counsel of record, Duff Westbrook, notified Mayor Bruton and Mr. Wismer that Plaintiff would exercise her right to a pre-termination hearing before the Village Council as provided for in the Village Personnel Ordinance No. 157 ("Ordinance").  Doc. 102-2 (Exh. 2).

On April 6, 2020, the Village Council held a meeting via teleconference and addressed what the Village Council should do with the recommendation by Mr. Wismer and concurred in by Mayor Bruton that Plaintiff be terminated.  Doc. 112-1 at 2.  Plaintiff was represented by counsel.  *Id.*  The Village called three witnesses – Michael Wismer, Mayor Bruton, and Finance Director Larry Seebinger.  *Id.* at 3.  They each provided direct testimony and were cross examined by Plaintiff's counsel.  *Id.* at 5-14.  Plaintiff was the sole witness as to her appeal and she was directly examined by her counsel about each of the grounds for termination as outlined in the March 10, 2020, letter recommending termination.  *Id.* at 14-23.  Plaintiff was cross examined by Mayor Bruton.  *Id.* at 23-26.  Plaintiff also answered a handful of questions that were solicited at large from Council members.  *Id.* at 26-27.  After hearing from the parties, the Village Council participated in a closed meeting to discuss the personnel matter.  *Id.* at 28.  When the meeting came back on the record, a motion was made and seconded to approve Mayor Bruton's recommended dismissal of Plaintiff.  *Id.* at 29.

The Village Council subsequently issued Findings of Fact and Conclusions of Law and emailed a copy to Plaintiff's counsel on May 11, 2020.  Doc. 83-4 at 1, ¶ 9; Doc. 83-5 (Exh. 3A).  The Village Council provided the basis for their decision to terminate Plaintiff and advised her that her termination was effective as of April 15, 2020.  *Id.*

On September 21, 2020, Plaintiff filed a *Complaint for Declaratory Judgment, Breach of Implied Contract of Employment, Retaliatory Discharge in Violation of Whistleblower*

*Protection Act, Violation of Contract Clause Rights, and Violation of First Amendment Right of*

*Political Association* ("Complaint") against the Defendants.  Doc. 1-1.  Defendants removed the

case to this Court on October 27, 2020, based on original jurisdiction pursuant to 28 U.S.C.

§§ 1331.  Doc. 1 at 1-2.

Defendants filed the partial summary judgment motion presently before the Court on

July 1, 2021.  Defendants seeks summary judgment on Counts I-III of Plaintiff's Complaint

based on Plaintiff's failure to exhaust her administrative remedies as required in the Village's

Ordinance.  Plaintiff filed a Response on August 16, 2021.  Doc. 102.  Defendants filed a Reply

on September 3, 2021.  Doc. 112.

## II.  LEGAL STANDARDS

### A.     Summary Judgment

A motion for summary judgment is appropriate when there is no genuine issue of

material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

56(a); *see also Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552 (1986); *Jones v. Kodak Med.*

*Assistance Plan*, 169 F.3d 1287, 1291 (10th Cir. 1999); Fed. R. Civ. P. 56(a).  "[A] party seeking

summary judgment always bears the initial responsibility of informing the district court of the

basis for its motion and identifying those portions of [the record] ... which it believes

demonstrate the absence of a genuine issue of material fact."  *Catrett*, 106 S. Ct. at 2552 (internal

quotation marks omitted); *see also Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th

Cir. 1998).  Once the movant meets this burden, the non-moving party is required to put in the

record facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106

S. Ct. 2505, 2511 (1986); Fed. R. Civ. P. 56(c).  "A fact is 'material' if, under the governing law,

it could have an effect on the outcome of the lawsuit.  A dispute over a material fact is 'genuine'

4

if a rational jury could find in favor of the nonmoving party on the evidence presented." *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008) (internal citations omitted); *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016).  Only material factual disputes preclude the entry of summary judgment.  *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).

The trial judge is not to weigh the evidence to determine the truth of the matter, but instead must ask "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson,* 106 S. Ct. at 2512.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 2510.  To carry its initial burden, the moving party need not negate the nonmoving party's claim.  *See Allen v. Muskogee, Okla.*, 119 F.3d 837, 840 (10th Cir. 1997), *cert. denied sub nom. Smith v. Allen*, 522 U.S. 1148 (1998).  "'Instead, the movant only bears the initial burden of 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Catrett*).  Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Catrett*, 106 S. Ct. at 2552 (quoting Fed. R. Civ. P. 56(e)).  A plaintiff cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment but rather must produce some specific factual support of its claim.  *See Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988); *Fritzcshe v. Albuquerque Mun. Sch. Dist.*, 194 F. Supp. 2d 1194, 1206 (D.N.M. 2002).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp*., 106 S. Ct.

1348, 1356 (1986) (citation omitted).  Upon a motion for summary judgment, a court "must view

the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all

reasonable inferences to be drawn from the evidence." *Kaus v. Standard Ins. Co*., 985 F. Supp.

1277, 1281 (D. Kan. 1997).  If there is no genuine issue of material fact in dispute, then a court

must next determine whether the movant is entitled to judgment in its favor as a matter of law.

*See, e.g., Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996).

> **B.**     **Exhaustion of Administrative Remedies**

New Mexico courts recognize the exhaustion of administrative remedies doctrine.  *See*

*Lucero v. Bd. of Regents*, 2012-NMCA-055, 278 P.3d 1043, 1045.  Specifically, "an employee

must substantially comply with mandatory internal grievance procedures contained in an

employee manual or handbook before filing suit for breach of contract claims based on an

alleged failure of an employer to follow is employment policies." *Id.*   An employee handbook

can create an implied contract between an employee and employer. *See Francis v. Mem'l Gen.*

*Hosp.*, 1986-NMSC-072, 104 N.M 698, 726 P.2d 852, 853.  When such an implied contract

creates employee rights, and the employee believes those rights have been violated, the

employee must first follow the grievance procedure in the handbook.  *Lucero*, 278 P.3d at 1045.

The exhaustion doctrine rests on the principle that the interests of justice are served by allowing

an agency with particular expertise to resolve issues before a claim is brought to court.  *Id.*

(citing *Headen v. D'Antonio*, 2011-NMCA-058, ¶ 13, 149 N.M. 667, 253 P.3d 957).

New Mexico law recognizes three exceptions to the requirement of exhaustion of

remedies.  As to the first exception, "[t]he exhaustion doctrine 'does not apply in relation to a

question which, even if properly determinable by an administrative tribunal involves a question

of law, rather than one of fact." *Gzaskow v. Pub. Emps. Ret. Bd.*, 2017-NMCA-064, ¶ 19, 403

P.3d 694, 701-02 (quoting *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 27, 142 N.M. 786, 171

P.3d 300).  The second exception applies to "a declaratory judgment action challenging an

administrative entity's authority to act...." *Smith*, 171 P.3d at 305.  Exhaustion of remedies does

not apply in a declaratory judgment action which (1) is purely legal, (2) requires no specialized

agency fact-finding, and (3) has no exclusive statutory remedy.  *Gzaskow*, 403 P.3d at 702

(citing *New Energy Econ. v. Shoobridge*, 2010-NMSC-049, ¶ 49,149 N.M. 42, 243 P.3d 746).

The third exception applies when "exhaustion of remedies does not require the initiation of and

participation in proceedings in respect to which an administrative tribunal clearly lacks

jurisdiction, or which are vain and futile." *Gzaskow*, 403 P.3d at 701-02 (quoting *Smith*, 2007-

NMSC-055, ¶ 27); *see also State ex rel. Norvell v. Credit Bureau of Albuquerque*, 1973-NMSC-

087, ¶ 29, 85 N.M. 521, 514 P.2d 40.  Instead, "[t]he exhaustion of remedies doctrine ... applies

where an administrative agency alone has authority to pass on every question raised by the one

resorting to judicial relief." *Pan Am. Petroleum Corp. v. El Paso Nat. Gas Co.*, 1966-NMSC-

271, ¶ 9, 77 N.M. 481, 424 P.2d 397.

### III.  <u>MATERIAL FACTS</u>

**A.    <u>Undisputed</u>**

The Village's Ordinance (Doc. 83-2) governed Village personnel rights and procedures at

the time the Village Council terminated Plaintiff.  Doc. 83 at 3, ¶¶ 1, 2.  Section 16 of the

Ordinance, entitled "Disciplinary Policy," provides procedures for the contemplated termination

of employees by the Village Council.  Doc. 83 at 3, ¶ 4.  Section 17 of the Ordinance, entitled

"Appeal of Probations and Dismissals," includes, *inter alia*, procedures that allow an employee

notified of termination to request a hearing before the Village Council, procedures for the

hearing itself, and requires the Village Council to then issue a final decision in the form of findings and conclusions.  *Id.* at ¶ 5.  Section 17 includes paragraph (I), entitled "Appeal from the Decision of the Governing Body."  *Id.* at ¶ 6.  It states that "[a]ny party aggrieved by the decision of the Governing Body may appeal the decision to the district court system in the State of New Mexico."  *Id.*  Section 19 of the Ordinance provides that salaried employees are at-will employees who could be fired without just cause, while regular full-time, hourly employees could be terminated only for just cause.  Doc. 102 at 3, ¶ 1.

Plaintiff was hired as the Deputy Clerk of Tijeras Village in 2011 and successfully completed her probation period by no later than May 1, 2012.  Doc. 102 at 4, ¶ 8.  On March 10, 2020, Plaintiff was given a Notice of Personnel Action which stated the effective date of her discharge would be March 10, 2020.[3]  *Id.* at ¶ 2.  Plaintiff, through her attorney, Duff Westbrook, timely requested a hearing before the Village Council on her termination pursuant to Section 17 of the Village's Personnel Ordinance.  Doc. 83 at 4, ¶ 8; Doc. 103 at 3, ¶ 3.  Before the Village Council terminated Plaintiff, they held a four-member hearing on April 6, 2020, at which Plaintiff, represented by counsel, testified on her own behalf, and at which Defendant Johnson moved to terminate Plaintiff.  Doc. 83 at 3, ¶ 7; Doc. 102 at 3, ¶ 4.  Defendants Johnson, Garcia and Wilson voted in favor of the motion.  Doc. 102 at 3, ¶ 5.  After the hearing and closed session deliberations that same day, Defendants Johnson, Garcia and Wilson, acting as Village Council, subsequently issued and adopted the Village Council's signed findings and conclusion.  Doc. 83 at 4, ¶ 9; Doc. 102 at 3, ¶ 5.  The Village Council's attorney served the findings and conclusions on Plaintiff's counsel on May 11, 2020.[4]  *Id.* at ¶ 10.  Plaintiff's counsel never

---

[3] Plaintiff attached a copy of the Notice of Personnel Action to its Response.  Doc. 102-1 (Exh. 1).

[4] Defendants attached a copy of the Findings of Fact and Conclusions of Law to its Motion.  Doc. 83-5 (Exh. 3A).

served a notice of appeal or otherwise directly responded to the findings and conclusions prior to filing Plaintiff's complaint in district court.  *Id.* at ¶ 11.

Counts II and III of Plaintiff's Complaint allege that Defendants breached the terms of the Ordinance by terminating Plaintiff without just cause and by failing to provide progressive discipline.  Doc. 83 at 3, ¶ 3.  Count II also alleges Defendants terminated Plaintiff in bad faith, for knowingly pretextual reasons in breach of covenant of good faith and fair dealing inherent in Plaintiff's implied contract of employment with the Village of Tijeras.  Doc. 102 at 2, ¶ 2.

### B.    Disputed

Plaintiff disputes a portion of Defendant's proposed undisputed fact no. 7 in which Defendants state that the Council considered the issue of progressive discipline, or lack thereof, as well as whether there was "just cause" for termination.[5]  Doc. 102 at 2, ¶ 4.

Defendants dispute Plaintiff's proposed undisputed facts nos. 6 and 7 and argue that these "facts" consists of legal argument interpreting the Ordinance.[6]  Doc. 112 at 1, ¶ B.  Defendants

---

[5] Plaintiff objects to Defendants' language in proposed undisputed fact no. 7 that "[t]he Council considered the issue of progressive discipline, or lack thereof, as well as whether there was "just cause" for termination."  Doc. 83 at 3-4.

[6] Plaintiff's proposed undisputed facts nos. 6 and 7 state

6.  The Village of Tijeras' Personnel Ordinance does not state what administrative remedies are available to an employee other than the approval, disapproval or modification of their dismissal; does not contain any language indicating whether those remedies are or are not exclusive, does not authorize the recovery of back pay, Defendants' Exhibit 3A, §17, pp. 23-26, and does not specifically prohibit an employee from bringing a direct civil action in district court.  Defendants' Exhibit 3A.

7.  Under Section 2(A) of the Village's personnel ordinance, the Council's only authority over employee dismissals is to approve or disapprove of a Mayor's dismissal; of an employee. Defendants Exhibit 1A, §2. Under Section 17(G)(6), the Council's authority is limited to approving, disapproving, or modifying a termination. Id. at §17.  The Ordinance does not state what administrative remedies are afforded to employees other than a possible modification of a decision to terminate, does not contain any language indicating the remedies of approval, disapproval or modification of a termination decision are exclusive, there is nothing in the ordinance authorizing an employee to see back pay, damages or reinstatement, or that indicates the Council can award damages.  Defendants' Exhibit 3A, §§ 2, 17.

Doc. 102 at 4, §§ 6, 7.

also object to Plaintiff's proffered Exhibit No. 6 as part of Plaintiff's proposed undisputed fact

no. 9 and move for the Court to strike this exhibit.[7]  *Id.* at 2, ¶ C.

## IV.  <u>SUMMARY OF ARGUMENTS</u>

### A.      <u>Defendants' Arguments</u>

Defendants first argue that Plaintiff failed to exhaust her administrative remedies when

she failed to appeal the Village Council's decision to a district court as required by Section 17(I)

of the Ordinance.  Doc. 83 at 4-6.  Defendants rely on *Lucero* to assert that New Mexico case

law supports its exhaustion argument because the Ordinance at issue here contains both the

discipline policies and procedures Plaintiff alleges the Defendants failed to follow and the

appeals process Defendants allege Plaintiff failed to exhaust.  *Id.*  In other words, Defendants

contend that Plaintiff cannot on the one hand rely on the Ordinance to argue that Defendants

failed to comply with its provisions while on the other hand ignore her own obligation to exhaust

the administrative remedies contained therein, *i.e.,* that she was required to appeal the Village

Council's final decision to district court after being served with the final decision on May 11,

2020, before filing a direct civil action.  *Id.*

Defendants next argue that Plaintiff failed to file an appeal in a timely fashion in

compliance with NMRA, Rule 1-074.  Doc. 83 at 6.  Rule 1-074 is a civil rule that provides that

unless otherwise specified an appeal from a final agency decision or order shall be filed in the

district court within thirty (30) days.  *Id.*  Defendants contend that the Ordinance at issue here

does not specify when an appeal is due thereby making Plaintiff's appeal due within thirty (30)

---

[7] Plaintiff's Exhibit 6 is an excerpt from Village of Tijeras June 24, 2019, Council Meeting Minutes that purports to reflect Defendants Johnson, Garcia and Bruton voted to change Plaintiff's Deputy Clerk position to a salaried position and agreed that the change of Plaintiff's position to a salaried position would not make her an at-will employee.  Doc. 102 at 4-5, ¶ 9.

days, or by June 11, 2020.  *Id.* at 6-7.  Defendants add that Plaintiff's failure to adhere to

Rule 1-074's time constraints precludes her from seeking declaratory judgment as she does in

Count I of her Complaint.  *Id.*  Defendants also add that Plaintiff was not barred from joining her

federal and New Mexico Whistleblower Protection Act claims in her appeal to the district court

even though those issues were not presented to the Village Council during her termination

hearing.  *Id.* at 7-8.

Lastly, Defendants argue in the alternative that in failing to timely appeal the Village

Council's determination as required by the Ordinance and pursuant to Rule 1-074, Plaintiff

improperly attempts to avoid the proper standard of review by a district court.  Doc. 83 at 8-10.

Defendants explain that when a district court reviews an administrative quasi-judicial decision

pursuant to Rule 1-074 it applies a deferential "whole record" standard of review.  *Id.*

Defendants contend that Plaintiff is attempting to have a "second bite at the apple with a new

trial before this Court."  *Id.* at 9-10.

### B.    Plaintiff's Response

In response to Defendants' first argument, Plaintiff argues that New Mexico law requires

a plaintiff to exhaust all *mandatory, internal* administrative procedures before bringing a breach

of contract lawsuit and that Plaintiff did so here.  Doc. 102 at 5-6.  Plaintiff further argues that

the provision in the Ordinance regarding an appeal to district court is not an internal

administrative procedure and is not mandatory, but permissive.  *Id.* at 6-7 (citing *Gandy v.

Wal-Mart Stores, Inc.,* 1994-NMSC-040, 117 N.M. 441, 872 P.2d 859 ("may" means

permissive")).[8]  Plaintiff relies on *Madrid v. Vill. of Chama*, 2012 NMCA 071, 283 P.3d 871, in

---

[8] In *Gandy v. Wal-Mart Stores, Inc.*, an action was brought against employer alleging that plaintiff was discharged in retaliation for having filed a discrimination complaint.  The Supreme Court held, *inter alia*, that the grievance procedure in the Human Rights Act appeared to be permissive and not mandatory and the remedies provided in Human

which the New Mexico Court of Appeals held that a direct breach of contract action was appropriate in that case because it involved claims for damages and other remedies which the Village of Chama could not have granted under the provisions of its personnel ordinance. *Id.* at 7. Plaintiff contends that similarly here the Ordinance does not state what administrative remedies are available to an employee other than the approval, disapproval or modification of the Council's dismissal. *Id.* Plaintiff further contends that the Ordinance does not contain any language indicating that the remedies contained therein are or are not exclusive and that it does not authorize an employee to recover back pay as Plaintiff seeks here. *Id.* Lastly, Plaintiff argues that the Ordinance does not specifically prohibit a direct civil action in district court. *Id.*

Next, Plaintiff argues that her declaratory judgment and breach of contract claims are not time barred. Doc. 102 at 9. Plaintiff asserts that her declaratory judgment claim does not arise from the Council's decision to terminate her employment, does not contend the Council did not have the right or authority to hear and rule on the Plaintiff's termination hearing, and does not allege the Council made a wrong decision. *Id.* Instead, Plaintiff states that her declaratory judgment claim seeks a declaration that "the Village Council's purported change of Plaintiff's status to a salaried employee in July of 2019 did not change her status from an hourly employee to a salaried, at-will employee" and that "Plaintiff was, at the time of her termination, a regular, hourly employee who could only be terminated for cause." *Id.* at 9-10. As for her breach of contract claim, Plaintiff again cites *Madrid* and contends that New Mexico law clearly holds that once a Plaintiff has exhausted any mandatory, internal grievance procedures set forth in a personnel ordinance or employee manual, he or she is entitled to bring a direct breach of contract

Rights Act were not exclusive and need not be exhausted as prerequisite to bringing tort action.  1994-NMSC-040, ¶ 6, 117 N.M. 441, 872 P.2d 859.

civil action based on the alleged failure of an employee to follow its employment policies and that the timing for doing so is two years.[9]  *Id.* at 12-15.

Last, Plaintiff argues that her declaratory judgment and breach of contract claims do not improperly seek to circumvent the standard of review under Rule 1-074.  Doc. 102 at 16-18. Plaintiff asserts that she does not seek to circumvent the standard of review under Rule 1-074 as to the declaratory judgment action because that claim does not concern any of the issues that would be the subject of a Rule 1-074 appeal.  *Id.*  Plaintiff further asserts that Defendants' argument as to its breach of contract claim is not well taken because "it confuses the Rule 1-074 standard of review with the issue of whether the Plaintiff is precluded from litigating some of all of the issues underlying her breach of contract action under the doctrines of issue or claim preclusion."  *Id.*  Plaintiff explains that "[w]hether the Plaintiff is entitled to litigate those issues in the context of her present contract-based claims, and is entitled to a trial de novo on those issues, depends on whether the Village Council's decision is entitled to preclusive effect and whether the Plaintiff is precluded from re-litigating those claims or issues in this lawsuit under the doctrines of issue and claims preclusion (collateral estoppel and *res judicata*)."  *Id.*

## C.    Defendants' Reply

Defendants begin their reply by stating that Plaintiff has failed to dispute any of the material facts in its Motion or otherwise create a genuine, material factual dispute.  Doc. 112 at 3.  Defendants also state that nothing in Plaintiff's response disputes that she failed to appeal the Council's decision within 30 days as required by Rule 1-074.  *Id.*  Defendants contend that

---

[9] Plaintiff agrees that if she were bound by the time constraints of Rule 1-074 that she could have filed her Section 1983 and Whistleblower Protection Act claims as part of that appeal.  However, because she contends that she did not have to file a district court appeal before filing a direct action against her employer, Plaintiff argues that her Section 1983 and WPA claims are not time barred.  Doc. 102 at 16.

Plaintiff instead attempts to divert the Court's attention from the missed and dispositive deadline by arguing the substance of her termination.  *Id.*

More specifically, Defendants argue that Plaintiff misinterprets the Ordinance as providing an option to appeal to district court, which ignores the persuasive caselaw of *Lucero* and misinterprets the *Madrid* decision.  Doc. 112 at 4-7.  Defendants assert that *Lucero* resoundingly rejects Plaintiff's argument that the Ordinance's use of the term "may" renders an appeal permissive.  *Id.*  Defendants further assert that Plaintiff improperly relies on *Madrid* because the personnel ordinance at issue there did not include any district court appeal provision and stands for the proposition that in the absence of a mandatory appeal provision in a personnel ordinance, an aggrieved employee need not appeal pursuant to either Rule 1-074 or Rule 1-075. *Id.*  Defendants also assert that Plaintiff's citation to other New Mexico case law is equally misplaced and that this Court should reject Plaintiff's attempt to enjoy a right to a full trial de novo on the same issues already addressed by the Village Council.  *Id.*

Defendants also contend Plaintiff's claims in Counts I, II and III arise from the same issue of "just cause" litigated in her administrative hearing.  Doc. 112 at 7-10.  Defendants argue that Plaintiff's breach of contract claims in Counts II and III directly relate to, and turn on, the same factual issues that were presented at her administrative termination hearing and established "just cause" for her termination, *i.e.,* her culpability related to improper PERA reimbursements and Plaintiff's failure to seek prior approval from the Village Council for those reimbursements. *Id.*  Defendants argue that because Plaintiff's Complaint tracks the Village Council's findings which form the basis for the Village Council's "just cause" to terminate Plaintiff without progressive discipline, her termination cannot be pretextual and progressive discipline was not required in lieu of termination.  *Id.*  As for the declaratory relief Plaintiff seeks, Defendants

contend that the Village Council specifically found at paragraph 22 of its administrative termination that Plaintiff had been converted to an at-will, salaried employee. *Id.* Defendants contend, therefore, that Plaintiff's declaratory relief directly conflicts with paragraph 22. *Id.*

Last, Defendants reply that Plaintiff impermissibly seeks to collaterally attack an administrative decision and that the Court should reject her attempt to do so. Doc. 112 at 10-11.

## V. <u>ANALYSIS</u>

The issue before the Court is whether, as established by undisputed material facts, Section 17(I) of the Ordinance required Plaintiff to appeal the Village Council's decision "to the district court system," as part of her exhaustion of administrative remedies before filing a direct civil action and, if so, whether the time for doing so is governed by NMRA Rule 1-074.

### A. <u>Plaintiff Exhausted the Internal Grievance Procedures of the Ordinance</u>

Here, it is undisputed that the Ordinance governed Village personnel rights and procedures at the time the Village Council terminated Plaintiff. It is undisputed that the Ordinance provided for certain procedures for the contemplated termination of employees by the Village Council and appeal for an internal appeal of a dismissal. It is undisputed that Michael Wismer and Mayor Bruton, in compliance with Section 16 of the Ordinance, provided Plaintiff a notice of personnel action advising her of their recommendation to terminate her employment. It is undisputed that Plaintiff requested and the Council held a hearing based on that recommendation as required by Section 17 of the Ordinance. It is undisputed that the Village Council prepared and provided to Plaintiff its Findings of Fact and Conclusions of Law which contained its determination that Plaintiff be terminated. Lastly, it is undisputed that Section 17(I) of the Ordinance provided a process of judicial appeal that Plaintiff chose not to pursue.

Defendants correctly point out that Plaintiff has admitted all of its material facts, with the exception of one portion of Defendants' proposed undisputed fact no. 7 in which Defendants state that the Council considered the issue of progressive discipline, or lack thereof, as well as whether there was "just cause" for termination. Plaintiff's argument, however, is not that the Ordinance does not contain a judicial appeals provision, but that the judicial appeals provision is not part of the mandatory, internal grievance procedures required for exhaustion of administrative remedies; that the judicial appeals provision is permissive; and that the Ordinance does not provide a remedy for the claims raised in her Complaint thereby excepting Plaintiff from this external administrative exhaustion requirement.

To support their exhaustion argument, Defendants primarily rely on *Lucero*.[10] In that case, Lucero was employed in a management position that was governed by defendants' employee handbook. 278 P.3d at 1043. After a certain period of time defendants decided to suspend Lucero's employment. *Id.* at 1043-44. In compliance with defendants' grievance process as provided in the employee handbook, they issued a notice to Lucero of its decision to suspend him. *Id.* at 1044. Lucero's attorney responded that Lucero intended to submit a grievance in response, but ultimately failed to do so. *Id.* Approximately six months later, defendants issued Lucero a notice to terminate to which Lucero also failed to respond. *Id.* Then, more than seven months after his termination, Lucero filed a complaint in district court alleging a

---

[10] Defendants also cite cases from other jurisdictions which they argue have uniformly applied the same rule as to exhaustion of administrative remedies before pursuing a direct civil action. *See* Doc. 83 at 5, fn. 1. In *McGuire v. Continental Airlines, Inc.*, 210 F.3d 1141 (10th Cir. 2000) (the court held that an employee could not prevail on claims of breach of implied contract and promissory estopped inasmuch as he failed to pursue employer's grievance procedure to third step and made no showing that employer failed to follow grievance procedures); in *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712 (Ind. 1997) (addressing whether employee handbook served to convert plaintiffs' otherwise at-will employment relationship into an employment requiring termination only for cause and concluding it did not); *O'Brien v. New England Tel. & Tel. Co.*, 664 N.E.2d 843 (Mass. 1996) (finding that plaintiff's failure to follow the grievance procedure in personnel manual was fatal to her claim that employer violated terms of her employment).

breach of express and implied contracts of employment related to his suspension and termination. *Id.*

Defendants filed a motion for summary judgment arguing that Lucero's claims were barred because he failed to exhaust the employee handbook's internal grievance procedures. 278 P.3d at 1044. The district court denied defendants' motion explaining that defendants' grievance scheme was ambiguous and its use of "may" was purposeful rendering its grievance procedures not a condition precedent to Lucero filing suit. 278 P.3d at 1044. On appeal, the court, citing *Francis v. Mem'l Gen. Hosp.*, 1986-NMSC-072, 104 N.M. 698, 726 P.2d 852 and *McDowell v. Napolitano*, 119 N.M. 696, 895 P.2d 218 (1995), gleaned the general rule that an employee must substantially comply with mandatory internal grievance procedures contained in an employee manual or handbook before filing suit for breach of contract claims based on an alleged failure of an employer to follow its employment policies. 278 P.3d at 1045. In applying this general rule to Lucero's case, the court reasoned that

> Defendants' argument for applying the exhaustion requirement rests on the strongest factual basis because the employee handbook contained both the grievance procedures that Defendants allege that Plaintiff did not exhaust and the employment policies and procedures that Plaintiff alleges that Defendant did not follow.

*Id.* The court went on to consider policy reasons to support its conclusion, *i.e.,* the grievance process allows an employer to redress wrongs without burdening the courts with unnecessary litigation, and not requiring an employee to exhaust internal grievance procedures allows the employee to choose which employment policies are binding. 278 P.3d at 1046. The court also addressed case law cited by Lucero distinguishing when certain administrative schemes were intended to be the exclusive remedy for a plaintiff's cause of action. *Id.* at 1046-47. Finally, the court interpreted the handbook's permissive language as relating to whether the employee wishes

to challenge the proposed disciplinary action and not whether the employee must do so, and concluded that the grievance procedure is mandatory if an employee wishes to challenge a disciplinary action. *Id.* at 1047. The court ultimately reversed the district court holding that Lucero must substantially comply with the mandatory internal grievance procedures contained in the employee handbook before filing suit for breach of contract based on an alleged failure of Defendants to follow the employee handbook. *Id.*

Plaintiff primarily relies on *Madrid* to support her argument that a judicial appeal of the Village Council's decision is not her sole remedy. In that case, Madrid was discharged from his position with the Village of Chama and requested a post-termination hearing to appeal the allegations that led to his termination pursuant to the Village's Ordinance. 283 P.3d at 872. The Council scheduled and made various adjustments to the type and time of the hearing, and the Council's decision was ultimately upheld following a post-termination hearing. *Id.* The Council entered its final decision in writing more than a month after the post-termination hearing. *Id.*

Approximately two months later, Madrid filed a complaint in district court seeking damages for breach of implied contract. 283 P.3d at 872. The Village in turn sought dismissal based on Rule 1-075 and Rule 12(B)(6). The district court did not address the timeliness of Madrid's complaint pursuant to Rule 1-075, and instead granted the Village's motion to dismiss finding that Madrid had failed to state a claim for relief because the Ordinance did not create an implied contract. *Id.*

On appeal, the court first considered whether the Village's decision was reviewable only by writ of certiorari pursuant to Rule 1-075 and whether the district court lacked jurisdiction to hear Madrid's claims brought in the original complaint. *Id.* at 873. The Village relied on *Zamora v. Village of Ruidoso Downs*, 1995-NMSC-072, 120 N.M. 778, 780, 907 P.2d 182, for

18

the proposition that an agency's termination decision is reviewable at the district court only by writ of certiorari.[11]  *Id.*  The court disagreed and reasoned that *Zamora* was distinguishable because

> [o]ur Supreme Court concluded [in *Zamora*] that the plaintiff's argument was essentially an appeal of a question already considered by the board – that the plaintiff was properly terminated under the ordinance because he had not received a full medical release to return to work.  Therefore, the procedure for the plaintiff to appeal the board's administrative decision was to petition the district court for a writ of certiorari.

283 P.2d at 873.  The court concluded that Madrid was not appealing the Village's decision or seeking reinstatement and that this distinction was dispositive because Madrid filed suit seeking only monetary damages as a result of the Village's alleged wrongful action.  283 P.2d at 874.  The court further concluded that Madrid could not be required to appeal a nonexistent remedy and he was not foreclosed from bringing a direct action for damages against the Village.  *Id.*

While instructive, the case law relied upon by the parties is not dispositive on the issues before the Court.  For instance, *Lucero* does not address whether the defendants' employee handbook contained procedures for judicial appeal to district court or the timeliness of such an appeal, and, if so, whether that procedure was mandatory and/or considered part of the internal grievance scheme requiring exhaustion.[12]  Similarly, *Madrid* does not address whether the

---

[11] In *Zamora v. Village of Ruidoso Downs*, the plaintiff was injured in a nonwork-related accident and took a six-month disability leave without pay.  907 P.2d at 184.  After receiving a partial medical release, the plaintiff requested to be assigned to light duty, but the mayor refused until the plaintiff received a full medical release.  *Id.*  The plaintiff did not obtain a full release and was ultimately terminated.  *Id.* at 185-86.  The board of trustees heard the plaintiff's appeal and upheld the mayor's decision to terminate the plaintiff's employment.  *Id.*  The plaintiff filed a complaint in district court for breach of employment contract and wrongful termination, alleging that the Village of Ruidoso's ordinance required the Village to assign him to light-duty work.  *Id.* at 184.  The New Mexico Supreme Court held that the district court correctly dismissed the plaintiff's complaint because the only procedure available to the plaintiff to appeal the Village's personnel decision was to petition the district court for a writ of certiorari.  *Id.* at 190.

[12] The case law from other jurisdictions Defendants cited is also not dispositive as to the issue before the Court.  For instance, *McGuire v. Continental*, 210 F.2d 1141 (10th Cir. 2000), did not address whether a judicial appeal was present in the employee handbook or considered part of the internal administrative remedies requiring exhaustion before proceeding with a direct civil action; *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 721 (Ind. 1997), did not address at all the issue presently before this Court and only in an aside mentioned that even if the employee handbook

Village of Chama's Ordinance contained a provision for judicial appeal of its Council's decision to district court.[13]  Further, Defendants' suggestion that *Madrid* stands for the proposition that only in the absence of a mandatory appeal provision in a personnel ordinance is an aggrieved employee exempt from appealing pursuant to Rule 1-074 or 1-075 is undermined by other New Mexico case law.  *See, e.g., Smith*, 171 P.3d at 302 (discussing that neither the appeals process provided to the landowners nor the city ordinance adopting the appeals process contained a provision for judicial review of the City's decision to deny well permits yet holding that landowners who initiated administrative appeals process were required to seek judicial review of the city's decision within 30 days).[14]

---

could be construed as a unilateral contract (which the court held it could not) that there was a significant question as to whether plaintiffs could argue successfully that the unilateral contract had been breached when plaintiffs themselves had not complied with the grievance procedures set out in the handbook; and *O'Brien v. New England Tel. & Tel. Co.*, 664 N.E.2d 843 (Mass. 1996), did not address whether a judicial appeal was present in the employee handbook or considered part of the internal administrative remedies requiring exhaustion before proceeding with a direct civil action.

[13] *Madrid* noted that the Village of Chama's Ordinance does not state what administrative remedies are offered to an aggrieved employee, or whether the ordinance contains express language that the remedies it does list are or are not exclusive.  Moreover, the ordinance in *Madrid* does not authorize an aggrieved employee the ability to seek modification of an adverse employment action, or for the Village to award damages.  Nor does the ordinance in *Madrid* specifically prohibit a direct civil action in district court.  283 P.3d at 874.

[14] In *Smith*, the City of Santa Fe had passed an ordinance that required any person wishing to drill a well within the City's municipal water service area to apply for a domestic well permit.  171 P.3d at 302.  The ordinance also prohibited the drilling of any new domestic wells if the applicant's property boundary was located within 200 feet of a City water distribution line.  *Id.*  Plaintiffs obtained a drilling permit from the state, but were also required to obtain a permit from city.  *Id.*  They applied and were denied.  *Id.*  Attached to the letter was a copy of the complaint process for City water customers, which contained the appeals process that the Smiths were required to follow.  *Id.*  Pursuant to the appeals process, the Smiths appealed to City Manager, then the Public Utilities Committee, and then the City Council.  *Id.*  On September 19, 2001, the City Council upheld the decision of the City Manager and denied their application.  *Id.*  On January 2, 2002, the Smiths then sought declaratory relief challenging the city's ordinance that prohibited the drilling of new domestic water wells if a permit applicant's property boundary was located within 200 feet of city's water distribution main.  *Id.* at 302-03.  The Court held that because the Smiths had initiated the administrative appeals process as their method for securing a permit, they were required to seek judicial review of city's administrative decision, as opposed to seeking a declaratory judgment, and were required to comply with the time constraints for doing so as found in Rule 1-075, *i.e.* within 30 days.  *Id.* at 306-07.  In contrast, other landowners who did not initiate the administrative appeals process on the basis of futility were not constrained to 30-day time limit.  *Id.*

Additionally, although not directly relied upon by the parties, New Mexico case law that specifically addresses judicial review of municipal board decisions such as *Zamora*, C*havez v. City of Albuquerque*[15] and *Smith*, predates both *Lucero* and *Madrid* and is distinguishable from this case.[16]  For example, in *Zamora* and *Smith*, the courts determined that judicial appeal was appropriate because the questions presented and remedies sought in the direct civil actions were the same questions and remedies already considered by the respective boards.  *Zamora*, 907 P.2d at 185-86; *Smith*, 171 P.3d at 307.  That is not the case here where Plaintiff is not seeking reconsideration of her termination but instead is seeking remedies which the Village Council cannot grant under the provisions of its Ordinance.[17]  *Madrid*, 283 P.3d at 873-74.  In *Chavez*, the question before the court, in part, was whether the merit system ordinance was an exclusive remedy that required plaintiff to judicially appeal his contract claims before bringing a direct civil action.  *Chavez*, 952 P.2d at 477-78.  While the court determined that it could not infer exclusivity as a basis to bar plaintiff's contract claims, it found that plaintiff's claims were barred on grounds of claim preclusion.  *Id.* at 478-80.  The issue of claim preclusion is not before the Court here.

With this in mind and drawing on the general principles found in the relevant case law, the Court is persuaded that the undisputed material facts support that Plaintiff satisfied the

---

[15] 1998-NMCA-004, ¶ 34, 124 N.M. ¶, 952 P.2d 474.  In *Chavez*, an employee brought an action against the city seeking damages for, *inter alia*, breach of contract.  952 P.2d 474.  The court found that judicial appeal from grievance was not employee's exclusive remedy as to his contract claims, but that they were nonetheless barred by claim preclusion.  *Id.* at 477-480.

[16] *See* fns. 11, 14 and 15, *supra*.

[17] The Court notes that in Count IV of Plaintiff's Complaint (Retaliatory Discharge in Violation of Whistleblower Protection Act) Plaintiff alleges she is entitled to and seeks reinstatement as Deputy Clerk.  Doc. 1-1 at 15-16.  The motion presently before the Court, however, is limited to Counts I, II and III.

*mandatory, internal* grievance procedures as set forth in the Ordinance. *Lucero*, 278 P.3d at

1045.

### B. Plaintiff Was Not Required to Judicially Appeal the Village Council's Decision Before Filing A Direct Civil Action

As for the Ordinance's provision for judicial appeal, the Court is persuaded that the

permissive language does not render it optional in the sense that Plaintiff could either

administratively appeal or initiate a direct civil action. Instead, it was optional only in the sense

that Plaintiff could determine whether she wished to challenge the Village Council's decision or

not. *Lucero*, 278 P.3d at 1047 (explaining that the word "may" relates to whether the employee

wishes to challenge the proposed disciplinary action by defendants and not whether the

employee must do so); *Barreras,* 62 P.3d at 774-75 (finding that plaintiffs' reliance on

permissive language as discussed in *Gandy* was misplaced because it did not address bypassing

administrative remedies for claims arising under contract).[18]

The Court's analysis, however, does not end there because the Court must look to

whether any of the exceptions to the requirement of administrative exhaustion apply. *See*

*Casaus v. Bd. of Cty. Comm'r of the Cty. of Sandoval,* 2017 WL 5151312, at ¶ 3 (D.N.M.

Nov. 3, 2017) (discussing that New Mexico law recognizes three exceptions to the requirement

of exhaustion of remedies); *Madrid*, 283 P.3d at 873-74 (finding that plaintiff was not required to

appeal a nonexistent remedy under Rule 1-075 and was not foreclosed from bringing a direct

action for damages against the Village); *cf. Smith,* 171 P.3d at 306-07 (holding that because the

Smiths had initiated the administrative appeals process as their method for securing a permit,

---

[18] *See* fn. 8, *supra*.

they were required to seek judicial review of city's administrative decision, as opposed to

seeking a declaratory judgment, and were required to comply with the time constraints for doing

so as found in Rule 1-075, *i.e.* within 30 days).

### 1.     Declaratory Judgment Action

To begin, exhaustion of remedies does not apply in a declaratory judgment action which

(1) is purely legal, (2) requires no specialized agency fact-finding and (3) has no exclusive

statutory remedy.  *Gzaskow*, 403 P.2d at 702 (citing *New Energy Econ v. Shoobridge*, 2010-

NMSC-049, ¶ 49, 149 N.M. 42, 243 P.3d 746).  In her Complaint, Plaintiff seeks a judicial

declaration regarding her employee status at the time she was terminated, *i.e.,* that she was a

regular, full time hourly employee who could only be terminated for cause.  Doc. 1-1 at 12, ¶ 85.

In her Response to Defendants' Motion, Plaintiff argues that her declaratory judgment claim

does not arise from the Council's decision to terminate her employment,[19] does not contend the

Council did not have the right or authority to hear and rule on the Plaintiff's termination, and

does not allege the Council made a wrong decision.  Doc. 102 at 9.

The Declaratory Judgment Act is a special proceeding that grants the district courts the

"power to declare rights, status and other legal relations whether or not further relief is or could

be claimed."  *Smith*, 171 P.3d at 304 (citing NMSA 1978, § 44-6-2).  "The Declaratory Judgment

Act [is] intended to be liberally constructed and administered as a remedial measure."  *Id.*

(quoting *San Juan Water Comm'n v. Taxpayers & Water Users of San Juan County*, 116 N.M.

106, 109, 860 P.2d 748, 751 (1993)).  The Declaratory Judgment Act also provides that

> [a]ny person interested under a deed, will, written contract or other writings
> constituting a contract, or whose rights, status or other legal relations are affected
> by a statute, municipal ordinance, contract or franchise, may have determined any

---

[19] Plaintiff states that her declaratory judgment action arises from the Village Council's actions on June 24 and July 22, 2019, when Defendants agreed and voted on making Plaintiff a salaried employee.  Doc. 102 at 11.

question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

N.M. Stat. Ann. § 44-6-4.

With these statutory provisions in mind and applying the factors identified above, the Court concludes that Plaintiff was not required to judicially appeal the Village Council's decision before initiating a declaratory judgment action. As to the first and second factors, resolution of whether the Village Council incorrectly categorized Plaintiff as a salaried at-will employee at the time of her termination as opposed to a regular full-time hourly employee who could only be terminated for just cause is not a purely legal issue, as it turns on disputed facts and requires investigation of, *inter alia*, the administrative record. That said, Defendants do not argue that Plaintiff's claim requires specialized agency fact-finding. To the contrary, they contend that Plaintiff was required to seek judicial review in the district court system which is similarly positioned to resolve any disputed factual issues as the district court in a direct civil action.

As to the third factor, there is no evidence that the remedy under Section 17(I) is exclusive. "The exclusivity of any statutory administrative remedy turns on legislative intent." *Barreras*, 62 P.3d at 773. The absence of explicit language stating that the remedy is exclusive is not dispositive. *Id.* Rather, the court will look to "the comprehensiveness of the administrative scheme, the availability of judicial review, and the completeness of the administrative remedies afforded." *Id.* The test ultimately is whether the administrative remedy is "plain, adequate, and complete." *Chavez,* 952 P.2d at 478.

Here, the Village enacted the Ordinance which provides for judicial review. However, the Village's intent as expressed in the Ordinance is not the critical question. *Chavez*, 952 P.2d

at 478.  Instead, the issue turns on legislative intent as expressed in the enabling legislation.  *Id.*
The enabling legislation for the Village Council's establishment of the Ordinance is found in the
Municipal Code, NMSA 1978, §§ 3-1-1 to 3-66-11.  *Zamora*, 907 P.2d at 184-85 (municipal
personnel boards derive their authority over employment from the Code).  The Code provides
that "[a]ny municipality *may* establish by ordinance a merit system for the hiring, promotion,
discharge and general regulation of municipal employees."  *See* NMSA 1978, § 3-13-4(A)
(emphasis added).  Notably missing from the Municipal Code is any provision for judicial
review of personnel board decisions.  Thus, absent statutory language limiting remedies as
provided for in the Ordinance, the court cannot infer such an intent of the legislature just because
the Village, on its own, has selected an administrative scheme which affords different remedies
from those generally available under state law.  *Chavez*, 952 P.2d at 478 (finding that grievance
was not employee's exclusive remedy under merit system ordinance and that enabling legislation
was permissive rather than mandatory and did not contain provision for review of personnel
board decisions, and thus did not show intent that grievance procedure be exclusive).

For these reasons, therefore, the Court concludes that Plaintiff was not required to
judicially appeal the Village Council's decision before initiating a declaratory judgment action.

### 2.    Breach of Implied Contract Claims

As for the other exceptions to the requirement of exhausting administrative remedies that
New Mexico law recognizes, "[t]he exhaustion doctrine 'does not apply in relation to a question
which, even if properly determinable by an administrative tribunal involves a question of law,
rather than one of fact."  *Gzaskow,* 403 P.3d at 701-02 (quoting *Smith*, 2007-NMSC-055, ¶ 27).
Additionally, "exhaustion of remedies does not require the initiation of and participation in
proceedings in respect to which an administrative tribunal clearly lacks jurisdiction, or which are

vain and futile." *State ex rel. Norvell v. Credit Bureau of Albuquerque*, 1973-NMSC-087, ¶ 29, 85 N.M. 521, 514 P.2d 40. Instead, "[t]he exhaustion of remedies doctrine . . . applies where an administrative agency alone has authority to pass on every question raised by the one resorting to judicial relief." *Pan Am Petroleum Corp., v. El Paso Nat. Gas Co.*, 1966-NMSC-271, ¶ 9, 77 N.M. 481, 424 P.2d 397.

In Counts II and III of Plaintiff's Complaint, Plaintiff alleges that pursuant to the terms of her implied contract of employment she was a regular, full time, hourly, non-probationary employee entitled to progressive discipline, including notice of and documentation of her alleged deficiencies, and that she could only be terminated for just cause. Doc. 1-1 at 13-15. Plaintiff further alleges that she was terminated in bad faith and for pretextual and knowingly false reasons. *Id.* Plaintiff seeks compensatory damages. *Id.* In her Response to Defendants' Motion, Plaintiff argues that the Ordinance does not state what administrative remedies are available to an employee other than the approval, disapproval or modification of their dismissal; does not contain any language indicating these remedies are or are not exclusive; does not authorize an employee to recover back pay; and does not specifically prohibit a direct civil action in district court. Doc. 102 at 7. For these reasons, Plaintiff asserts that she was "not required to appeal the Council's decision to district court in order to exhaust her administrative remedies and her election to not pursue a Rule 1-074 appeal does not foreclose her from bringing a direct breach of contract action against the Village of Tijeras for damages." *Id.* at 7-8.

Plaintiff's allegations in Counts II and III arguably present questions of fact. Nonetheless, Plaintiff is not appealing the Village Council's decision, but instead is pursuing an award of compensatory damages as to her breach of contract claims. *See Madrid*, 283 P.3d at 873 (finding plaintiff could pursue a common law action where he was not appealing the

Village's decision, was not seeking reinstatement, and was seeking only compensatory

damages); *Gzaskow*, 403 P.3d at 701-02 (exhaustion of remedies does not require the initiation

of and participation in proceedings in respect to which an administrative tribunal clearly lacks

jurisdiction).  Further, whether Plaintiff can bypass the Ordinance's judicial appeals process

based on the absence of express language that its administrative remedies are, or are not,

exclusive is a question of legislative intent.  *Barreras,* 62 P.3d at 773.  As previously discussed,

because the judicial appeals process at issue here is not statutorily defined, the Court cannot infer

such an exclusive intent by the enabling legislation that limits the remedies available to Plaintiff.

*Chavez*, 952 P.2d at 478.

    For these reasons, the Court concludes that Plaintiff was not required to seek a judicial

appeal of the Village Council's decision before initiating her direct civil action, and has

otherwise exhausted all administrative remedies.

    **C.    NMRA, Rule 1-074**

    Finally, it is not clear to the Court the statutory grounding for Defendants' reliance on

Rule 1-074.  Two New Mexico rules of civil procedure apply to administrative review

procedures: NMRA 1-074 and NMRA 1-075.  Rule 1-074 applies when there is a statutory right

to review, while Rule 1-075 applies when there is not.[20]  NMRA, Rule 1-074 is titled

"Administrative Appeals; Statutory Review by District Court of Administrative Decisions or

Order."  As to its scope, Rule 1-074 states

> [t]his rule governs appeals from administrative agencies to the district courts when
> there is a *statutory right* of review to the district court, whether by appeal, right to
> petition for writ of certiorari, or other statutory right of review.  This rule does not

---

[20] NMRA, Rule 1-075 governs writs of certiorari to administrative officers and agencies pursuant to the New Mexico Constitution when there is no statutory right to an appeal or other statutory right of review.  NMRA, Rule 1-075(A). The timing for filing a petition for writ of certiorari in the district court is within thirty (30) days after the date of final decision or order of the agency.  NMRA, Rule 1-075(D).

create a right to appeal.  For purposes of this rule, an "agency" means any state or
local government administrative or quasi-judicial entity.

NMRA, Rule 1-074(A) (emphasis added).  Here, Defendants have not cited the statute that

governs judicial appeals by Village employees of the Village Council's orders.  *See, e.g.,*

*Lithgow v. New Mexico*, 2005 WL 8164206, *9 (D.N.M. Feb. 28, 2005) (explaining that State

Personnel Act provides for appeals by employees to the State Personnel Board, as well as

appeals to the state court by a party aggrieved by a decision of the State Personnel Board, that

such appeals are governed by statute, which in turn incorporates certain rules, including Rule 1-

074); *State ex rel ENMU Regents v. Baca*, 2008-NMSC-047, 144 N.M. 530, 189 P.3d 663, 665

(right to judicial review governed by Section 13-1-183 of the State Procurement Code which

provides that judicial review of a determination shall be filed pursuant to the provisions of

Section 39-3-1.1 NMSA 1978 (person aggrieved by final decision may appeal the decision to

district court by filing in district court a notice of appeal within thirty days of the date of filing of

the final decision); *Barreras v. State of New Mexico Corr. Dep't*, 2003-NMCA-027, 133 N.M.

313, 62 P.2d 770, 773 (right to judicial review governed by Section 10-9-18 of the State

Personnel Act which provides that a party aggrieved by the decision of the board made pursuant

to this section may appeal the decision to the district court pursuant to the provisions of Section

39-3-1.1 NMSA 1978).  The only statutory reference the Court can find in the Ordinance here is

to NMSA 1978, § 3-13-4 which provides that a "[m]unicipality may establish by ordinance a

merit system for the hiring, promotion, discharge and general regulation of municipal employees.

. . ."  NMSA 1978, § 3-13-4(A).  However, that statute is silent with respect to any provision for

judicial review of a municipality's orders.

Thus, while the Village had the statutory authority to establish by ordinance a merit

system and chose to provide therein for judicial review of the Village Council's decisions, that

provision is void of statutory grounding. *See Chavez,* 952 P.2d 474, 483, 486 (finding that, while municipal personnel boards derived their authority over employment from the Municipal Code, notably missing from the Code was any provision for judicial review of personnel board decisions) (Hartz, C.J., specially concurring in part and dissenting in part) (concurring that legislative mandate would at least foreclose independent actions in district court based on state-law grounds and commenting, "I seriously question whether a city ordinance, as opposed to a statute enacted by the legislature, can confer a right of appeal to state district court, as the City's Merit System Ordinance purports to do."). Therefore, the Court concludes that a judicial appeal to district court was not available to Plaintiff under Rule 1-074.

## VI.  CONCLUSION

 For all of the foregoing reasons, the Court concludes that Defendants' Partial Motion for Summary Judgment is not well taken and is **DENIED.**

   **IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**